**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Criminal Action No. 09-00163-KD-C** |
| | **)** | **Criminal Action No. 09-00249-KD-C** |
| | **)** | |
| **LLOYD M. SCHAEFER,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**ORDER**

This action is before the Court on Defendant Lloyd M. Schaefer's Motions for Compassionate Release / Reduction of Sentence 18 U.S.C. § 3582(c)(1)(A)(i) (United States v. Schaefer Criminal, Action No. 09-cr-00163, Doc. 44; United States v. Schaefer, Criminal Action No. 09-cr-00249, Doc. 34).   Upon consideration, and for the reasons set forth herein, the motions for compassionate release are **DENIED**.

I. Background

Schaefer pled guilty to three counts of bank robbery and two counts of the use of a firearm in furtherance of a crime of violence.  Schaefer was sentenced on October 15, 2010 to a total of 20 years in prison (Doc. 28; Doc. 19).

II. Procedural requirements

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could grant a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, only if the Director of the Bureau of Prisons filed the motion.  Now, in relevant part, the statute, as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce

the term of imprisonment…". 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Schaefer is incarcerated at FCI Forest City in Arkansas.  He states that he filed a request with the Warden on September 29, 2020, and that he had not received a response at the time he filed his motion (Doc. 44, p. 1, Doc. 34, p. 1).  Schaefer did not date his motions and the envelope bears no legible post-mark.  However, the motions were received on February 1, 2020. Thus, it appears that more than 30 days lapsed between his request to the Warden and filing his motions.

III. Compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement, U.S.S.G. § 1B1.13, has not been amended since the enactment of the First Step Act. Therefore, the Sentencing Commission has not set out the policy to

apply when inmates file the motion.  Instead, the Policy Statement sets out the policy to apply

"[u]pon motion of the Director of the Bureau of Prisons". Id.

However, the Court of Appeals for the Eleventh Circuit recently stated that

We've not yet held in a published opinion whether § 1B1.13, which on its face
applies only to motions for compassionate release filed by the BOP and has not been
amended following the First Step Act, constrains district courts in considering
compassionate release motions filed by prisoners themselves. However, we've held
that the district court's consideration of the policy statements in § 1B1.13 was not an
abuse of discretion.

United States v. Granda, - - - Fed. Appx. - - -, 2021 WL 1246252, at *1 (11th Cir. Apr. 5, 2021)

(citing United States v. Harris, - - - F. 3d - - -, 2021 WL 745262, *3 & n.2 (11th Cir.  Mar. 2, 2021).

The Eleventh Circuit further states that

Section 3582(c)(1)(A) still requires any reduction to be consistent with the
sentencing commission's applicable policy statements.  The policy statements
applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the
court may reduce a term of imprisonment "if, after considering the factors set forth in
18 U.S.C. § 3553(a),[1]  to the extent that they are applicable," it finds, in relevant part,
that extraordinary and compelling reasons warrant the reduction. The court must
determine that the defendant is not a danger to the safety of any other person or to
the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether
extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13; id., comment. (n.1).
In determining whether an individual is a danger to others, the court can consider: (1)
the offenses' nature and circumstances; (2) the weight of the evidence against the
person; (3) the person's history and characteristics; (4) the nature and seriousness of
the danger to any person of the community that would be posed by the person's
release. 18 U.S.C. § 3142(g).

1.  The § 3553(a) factors include: (1) the nature and circumstances of
the offense and the history and characteristics of the defendant; (2) the
need for the sentence imposed to reflect the seriousness of the
offense, to promote respect for the law, and to provide just
punishment for the offense; (3) the need for the sentence imposed to
afford adequate deterrence; (4) the need to protect the public; (5) the
need to provide the defendant with educational or vocational training
or medical care; (6) the kinds of sentences available; (7) the
Sentencing Guidelines range; (8) the pertinent policy statements of

3

the Sentencing Commission; (9) the need to avoid unwanted
sentencing disparities; and (10) the need to provide restitution to
victims. 18 U.S.C. § 3553(a).

United States v. Granda, 2021 WL 1246252, at *1 (underlining in original).

As stated, the Court must determine that the defendant is not a danger to the safety of any

other person or to the community, as provided in 18 U.S.C. § 3142(g), **before** it can determine

whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13.   Schaefer was convicted of

three bank robberies.  In two of the robberies, he threatened the bank teller with a gun.  Prior to this,

Schaefer had been convicted of resisting a police officer with violence and battery of a law

enforcement officer.  Thus, he does not meet the threshold requirement for further consideration.

The motions for compassionate release are DENIED.


**DONE** and **ORDERED** this 15th day of April 2021.


**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**